## Appeal of W. Howard Wait, Re Estate of Fannie W. Stockton, Deceased.

On appeal from a decree of the orphans' court, on a claim against the estate of the decedent for attorney's services, it appearing that about eight years had elapsed since the services were rendered and that claimant had stated in a letter that a fixed price had been agreed upon,—*Held,* that the claim should be reduced to such fixed price.

(Decided January 17, 1887.)

January Term, 1886, No. 206, E. D., before Mercur, Ch. J.,

GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ. Appeal from a decree of the Orphans' Court of Philadelphia County sustaining in part exceptions to the adjudication of the auditing judge awarding a claim against the estate of the decedent for professional services as an attorney at law. Affirmed.

A claim for services and disbursements was presented against the estate of Fannie W. Johnson, by W. Howard Wait of New York city, who had been employed by the testatrix in 1874 to obtain a divorce for her in the courts of New York city.

The proceedings were begun, and subsequently her husband commenced similar proceedings against her, in which Mr. Wait also acted as counsel. The litigation was pending at the time of the death of testatrix in 1883.

The auditing judge deducted the admitted credits of $700, and awarded claimant the sum of $800 balance in full of compensation, and $53.50 costs of commission to New York.

The following exceptions to the report were filed:

1. The auditing judge erred in allowing the claim of W. Howard Wait, Esq., as a creditor of said estate.

2. The auditing judge erred in awarding to said W. Howard Wait the sum of $853.50.

The exceptions were sustained in part by the court in banc, in an opinion delivered by ASHMAN, J., as follows:

The claimant appears to have determined in his correspondence with the decedent the limits of his charge for services. He had represented the testatrix in two suits, affecting her relations with her husband, in one of which she appeared as plaintiff, and in the other as defendant. She obtained a judgment in the former suit in 1875; and in the same year an order against the husband for the payment of $300 and costs practically ended the other suit in her favor.

Six years after that order the claimant, in advising the decedent that the time had arrived in which her husband might be forced to a settlement, took occasion to add: "I have not heard of his pecuniary condition, but if he has any means out of which I can collect the costs, it would not only relieve you from the payment of the balance due me, but would reimburse you in part for what you have already paid."

To the decedent's statement that she was not aware that she

was in his debt, he immediately replied, admitting that she had paid him, early in the litigation, fees amounting to $200, and moneys for incidental expenses, and saying:

"It was thought best not to run the risk of putting him (the husband) in a position where he would be likely to go on with the trial of his case at that time—so, as then understood, you would rather yourself pay me the $300, which I was then entitled to in this suit."

The decedent thereupon sent him $200 on account, and expressed regret that she was not "able to cancel the whole $300 at once." Except to acknowledge the receipt of the remittance, the claimant seems never to have alluded again to the subject of compensation in decedent's lifetime. The decedent put the only interpretation upon this letter of which it was susceptible, and the claimant acquiesced in that interpretation. Against the force of his own statement that a fixed price had been agreed upon, any evidence which he may amass after her death—to prove the value of his services—must be held to be irrelevant.

The award is, therefore, reduced to $100, with interest, and as to the excess the exceptions are sustained.

The assignments of error specified the action of the court:

1. In sustaining the exceptions on behalf of the estate to the adjudication of the auditing judge; a, in that said exceptions were general and did not specify any error of law or fact on the part of the auditing judge, but in his conclusion only; b, in that said exceptions were simply as to the result or conclusion arrived at by the auditing judge from the facts proved; c, in that such exceptions were insufficient in law, and presented no grounds for reviewing the audit of the claim.

2. In that it did not overrule and dismiss such exceptions, and confirm the report.

*James Otterson,* for appellant.—Except in cases of clear mistake, the court will not disturb the findings of an auditor upon a question of fact. Mengas's Appeal, 19 Pa. 221.

In the present case the exceptions to the report of the auditing judge are only to his conclusions, and do not reach the findings upon the facts which are the foundation of his conclusions. The findings upon the facts remaining, the conclusions are inevitable. There is nothing in the exceptions to suggest to the

court what error, if any, the auditing judge committed in his findings or his conclusions, beyond the implied one: that they do not wish the estate to pay the claim. Rudy's Estate, 2 W. N. C. 674.

When facts have been found by auditors in the court below, they must be regarded here as established, unless the record exhibits flagrant error. The party who alleges error must show error. Mellon's Appeal, 32 Pa. 121.

The auditor's finding of facts from the testimony is always conclusive, unless plain mistake be shown, or as it is sometimes said, palpable or flagrant error exists. White's Appeal, 36 Pa. 134.

On questions of fact the auditor's report is final and conclusive, unless there was flagrant mistake. Miller's Appeal, 30 Pa. 492.

The finding of an auditor upon the facts should not be disturbed unless for clear error. Gilbert's Appeal, 78 Pa. 269.

*Frank P. Prichard* and *John G. Johnson* for appellee.

PER CURIAM:

In view of the lapse of time before this claim was made, as well as the other facts of the case, we see no error in the decree. The reasons given in the opinion of the court fully sustain the conclusion at which it arrived.

Decree affirmed and appeal dismissed, at the costs of the appellant.